**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Carrillo, | No. CV-24-01190-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Hewlett Packard, | |
| Defendant. | |

Pending before the Court is Plaintiff's application for leave to proceed in forma pauperis (Doc. 2), which will be granted pursuant to 28 U.S.C. § 1915(a), and Plaintiff's motion for professional services (Doc. 3), which will be denied.

## I.    Screening of the Complaint

The Court must dismiss a case filed in forma pauperis if at any time the Court finds that the action or appeal is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Here, Plaintiff's Complaint fails to state a claim on which relief may be granted and does not comply with federal pleading requirements. As such, it must be dismissed.

To state a claim for relief, Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plaint statement of the grounds for the [C]ourt's jurisdiction," "a short and plaint statement of the claim showing that the pleader is entitled

to relief," and "a demand for the relief sought." The short and plain statement for relief need not include detailed factual allegations; however, "it must plead enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A primary function of a complaint is to provide a defendant with notice of the legal claims asserted against it; thus, a complaint written "without simplicity, conciseness[,] and clarity" as to who is being sued for what "fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996). Furthermore, a claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1980). "[A] judge may dismiss . . . claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (internal quotation marks omitted).

Plaintiff brings this action against Defendant Hewlett Packard. Construed liberally, it appears Plaintiff is bringing product liability claims and claims under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, as well as the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 *et seq.*.[1] Additionally, Plaintiff asserts that Defendant violated her rights under the First, Fourth, and Eighth Amendments to the U.S. Constitution.

Starting with the latter set of claims, Plaintiff's constitutional claims fail as a matter of law because "most rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978); *see also Jones v. Liberty Mutual Ins.*, No. 2:19-CV-01814-AC, 2019 WL 5260448, at *3 (E.D. Cal. Oct. 17, 2019) (holding that plaintiff failed to state first amendment claim because "private insurance company is not constrained by the First Amendment and nothing about plaintiff's complaint indicates that [defendant] is performing a functional traditionally reserved to the [government]"); *Graham v. Connor*, 490 U.S. 386, 393 (1989) (holding that Eighth Amendment's prohibition of cruel and unusual punishment applies only after

---

[1] Plaintiff does not specify which provisions of either the CFAA or ECPA that her claims fall under.

conviction and sentence). Because there is no right to be free from the infliction of constitutional deprivations by private entities, like Defendant, Plaintiff's constitutional claims lack an arguable basis in law and therefore are frivolous. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

As to Plaintiff's remaining tort claims and statutory claims under the CFAA and ECPA, Plaintiff's allegations are set forth in one lengthy paragraph. Federal Rule of Civil Procedure 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count .

In addition to failing to comply with Fed. R. Civ. P. 10, Plaintiff's allegations are numerous, disparate, and convoluted. For instance, Plaintiff asserts that Defendant's laptops are "defective," that she has been blocked from accessing "IRS, Social Security, and 401k," that her files were destroyed, that she is suing for "copyright and negligence," that her identity was stolen, and that fraudulent activity occurred in her bank account. Plaintiff's allegations are incoherent—it is not clear what alleged wrongful acts occurred, when these acts occurred, or how, under either state tort law, the CFAA, or the ECPA, Plaintiff is entitled to relief.

The Court struggles to extrapolate any plausible allegations against Defendant and finds that Defendant cannot reasonably be expected to answer the complaint in its current form. Adhering to Rule 8, requiring a short and plain statement, and Rule 10, requiring each claim be separated into numbered paragraphs, would help bring clarity to Plaintiff's Complaint, allowing the Court to discern whether plausible allegations exist and, if so, allowing Defendant to answer the Complaint.

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127. Because Plaintiff's constitutional claims against Defendant are frivolous, the claims cannot be cured by alleging additional

facts. Thus, Plaintiff's constitutional claims are dismissed with prejudice. The Court will dismiss Plaintiff's remaining state tort and federal statutory claims but will grant Plaintiff an opportunity to file an amended complaint in order to cure these claims through the allegation of additional facts. Additionally, Plaintiff is advised to review the pleading requirements of the Federal Rules of Civil Procedure and, in particular, Rule 8(d)(1), which requires that "[e]ach allegation . . . be simple, concise, and direct." *See also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

## II.    Motion for Professional Services

Plaintiff has filed a motion for "professional services" (Doc. 3), seeking a "voucher or waiver for a computer forensics expert in regard to the above case." (Doc. 3.) Plaintiff provides no explanation for the motion or the basis for such a request. To the extent that Plaintiff is asking the Court to waive the cost of retaining an expert in her case, there is no existing basis in law for the Court to grant such a waiver. *See Womack v. GEO Grp., Inc.*, No. CV-12-1524-PHX-SRB, 2013 WL 2422691 (D. Ariz. June 3, 2013) ("Plaintiff has not pointed to, and the Court's independent research has not discovered, any federal statute authorizing the expenditure of public funds for the appointment of an expert witness to assist a *pro se* party in litigation."). Accordingly, Plaintiff's motion is denied.

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Professional Services (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **dismissed** with leave to file an amended complaint within **<u>two weeks</u>** of the date of this order.

/ / /

/ / /

/ / /

- 4 -

1      **IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint

2  within two weeks of the date of this order, the Clerk of the Court shall terminate the action.

3      Dated this 30th day of May, 2024.

4

5

6

7                                                          _____

8                                                          Douglas L. Rayes
                                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28